GADI L. NICHOLS, *Plaintiff in Error,* v. THE STATE OF FLORIDA, *Defendant in Error.*

Where testimony has been improperly admitted in a criminal prosecution and it does not appear that harm could not reasonably have resulted therefrom to the accused, a new trial should be granted.

Writ of error to the Circuit Court for Jackson County.

The facts in the case are stated in the opinion of the court.

*Lewis & Buford,* for Plaintiff in Error;

*Park Trammell,* Attorney General, and *C. O. Andrews,* for the State.

PER CURIAM.—It appears that one Eva Wood with her 17 months old child lived as a servant at the house of Gadi L. Nichols and his wife and children. The child died and after its burial the body was exhumed and the skull was found to have been fractured. The child's mother and Nichols are both accused of the unlawful homicide of the child. Nichols was indicted for murder of the child by striking it on the head with a piece of wood. On being convicted of murder in the second degree Nichols took writ of error.

There was testimony tending to show that the child's death was caused by wounds inflicted by its mother in throwing it against the fire place in the house and by the fall of the child upon a brick some time before its death.

It seems that several families lived in the neighborhood, but there was little or no social intercourse be-

tween them and the Nichols family and none with the mother of the child.

At the trial one witness testified that he had not heard of the illness of the child and that he passed the Nichols home the day after the child died and saw Nichols and his father quite near as he passed but they did not tell him of the death of the child. The court then permitted the following question: "Were you notified anything about the funeral?" Which was objected to as irrelevant and immaterial. Ans. "No sir."

Another witness who lived about a half mile from the Nichols home testified that he knew nothing of the sickness of the child prior to its death. He was asked over objection that it tended to prejudice the jury this question: "Were you notified of its death before it was buried?" Answered in the negative.

This testimony did not tend to show that Nichols endeavored to keep the death of the child a secret or that he tried to keep persons from knowing of the death and burial of the child, and there is evidence that perhaps a dozen persons were at the funeral. There appears to have been no reason why these witnesses should have been notifid by Nichols of the sickness and death of the child, and there is evidence that neighbors did know of the illness of and saw the child with its head badly swollen before the day on which Nichols is charged with having given it a fatal blow on the head.

In view of the evidence, it cannot be said that this testimony was proper or that it was not harmful to the plaintiff in error, since its necessary tendancy was to impress the jury with the idea that Nichols had some purpose in failing to notify neighbors of the child's death when there appears to have been no occasion for Nichols to notify the particular witness of the death of the child.

This is particularly so since the court excluded evidence tending to show most cruel treatment of the child by its mother.

The judgment is reversed and a new trial awarded.

WHITFIELD, C. J., and SHACKLEFORD, COCKRELL and HOCKER, J. J., concur.

TAYLOR, J., absent on account of illness.